NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER C. MINNICK and A.K. LIENHART, | No. 13-73234 |
| Petitioners - Appellants, | Tax Ct. No. 29632-09 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted July 6, 2015
Seattle, Washington

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

Walter C. Minnick and A.K. Lienhart ("Taxpayers") appeal the Tax Court's

decision to grant the Internal Revenue Service ("Commissioner") permission to file

an amended answer on the morning of trial, the Tax Court's judgment disallowing

the deduction of a conservation easement because it was subject to a mortgage that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

was not subordinated at the time of the donation, and the Tax Court's imposition of a negligence-related penalty.

Taxpayers appeal the ruling on the motion to file an amended answer, arguing that they suffered prejudice because they lacked notice that subordination would be an issue at trial. Tax Court rules permit parties to amend their pleadings at any time "by leave of Court" and provide that leave "shall be given freely when justice so requires." Tax Ct. R. 41(a). We review the Tax Court's decision to allow amendment for abuse of discretion. *Estate of Ashman v. Comm'r*, 231 F.3d 541, 542 n.2 (9th Cir. 2000). The record shows that Taxpayers were in fact aware of and prepared to argue the subordination issue at trial. Taxpayers also have not shown that they suffered any prejudice as a result of the Commissioner's delay in amending the answer. There is no dispute about the date of the gift or the date of the mortgage subordination agreement, which are the only relevant facts for determining whether Taxpayers were entitled to a charitable deduction of the conservation easement—more notice that the subordination issue would be included in the trial would not have changed either fact. Therefore, the Tax Court did not abuse its discretion by granting the Commissioner leave to amend the answer.

In our concurrently filed opinion, we hold that deductions for conservation easements may be taken only if any mortgage on the property was subordinated to the easement at the time of the gift. Taxpayers argue that their failure to subordinate nevertheless should be excused for three reasons. First, Taxpayers argue that Treas. Reg. § 1.170A-14(g)(3), which provides that a "deduction shall not be disallowed under . . . this section merely because the interest which passes to . . . the donee organization may be defeated by the performance of some act or the happening of some event, if on the date of the gift it appears that the possibility that such act or event will occur is so remote as to be negligible," excuses any non-compliance with the subordination requirement found elsewhere in the regulation. But however certain Taxpayers are now that they would stay current on their mortgage and ultimately obtain a subordination from their bank, this provision does not override § 1.170A-14(g)(2)'s subordination requirement. Second, Taxpayers argue that there is "verifiable evidence of original intent to enforce the easement in perpetuity" in the easement's warranty, which averred that there were "no outstanding mortgages . . . in the Property that have not been expressly subordinated to the Easement." Even if this were evidence of an intent to subordinate the mortgage to the easement, Taxpayers' intent to subordinate is not

3

relevant because it is undisputed that the mortgage was not subordinated at the time of the gift. Third, Taxpayers' argue that Idaho's *cy pres* doctrine, which restricts Taxpayers from abandoning or otherwise encumbering the easement, adequately ensures that the easement will continue in perpetuity to satisfy the subordination requirement. But Idaho's *cy pres* doctrine is inapplicable here because it has no effect on the ability of the bank holding the unsubordinated mortgage to extinguish the easement by foreclosure.

Finally, Taxpayers argue that the Tax Court improperly imposed a 20 percent accuracy-related negligence penalty under 26 U.S.C. § 6662(a). As an initial matter, we are unpersuaded by Taxpayers' argument that the Commissioner failed to raise the negligence penalty, because the Notice of Deficiency specifically referenced penalties for negligence under § 6662(a). The record supports the Tax Court's finding of fact that Taxpayers were negligent, so this finding was not clearly erroneous. Even if Taxpayers' ignorance of the subordination requirement was in good faith, it was not clear error for the Tax Court to find that Taxpayers "did not have reasonable cause for claiming a charitable-contribution deduction" because Minnick has a law degree and reading the Treasury Regulation would have given him notice that subordination may have been required.

4

**AFFIRMED.**